UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22162-CIV-ALTONAGA

**VENIT JEAN BAPTISTE**,

    Plaintiff,

v.

**VICTORIA BOURLAND**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon a review of the Complaint [ECF No. 1] and Supplement [ECF No. 1-3], filed on June 10, 2021. Plaintiff, Venit Jean Baptiste, also filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed for failure to state a claim over which the Court has subject matter jurisdiction and upon which relief can be granted.

Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quotation marks omitted; quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "There are three types of federal subject matter jurisdiction: "(1)

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. [section] 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. [section] 1332(a)." *McQueary v. Fla.*, 812 F. App'x 911, 913 (11th Cir. 2020) (alterations added; quotation marks and citations omitted).

"Federal-question jurisdiction exists if the cause of action arises from the Constitution, laws, or treaties of the United States." *Id.* (citing 28 U.S.C. § 1331). "A complaint alleging a violation of a federal statute as an element of a state cause of action does not confer jurisdiction under [section] 1331 unless Congress has provided for a private, federal cause of action for the violation." *Id.* (alteration added; citation omitted). Diversity jurisdiction exists when a plaintiff and a defendant are citizens of different states, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a); *see also Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) ("Absent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction." (citation omitted)).

In the Complaint, Plaintiff, a Miami-Dade County resident, names Victoria Bourland, Gabriella Cerruto, Lucy Iturrey, and Barbara Mendizabal as Defendants, all of whom are Miami-Dade County residents. (*See* Compl. 2–3). Plaintiff states her claims are based on federal question jurisdiction; yet, she alleges the Court has jurisdiction pursuant to sections 770.01, 836.11, 836.07, 836.01, 914.13, 843.21, and 843.167, Florida Statutes. (*See* Compl. 3). Florida state statutes cannot create federal question jurisdiction. Despite referring to race and civil rights in her Supplement (*see generally* Suppl.), Plaintiff clearly identifies her causes of action in the Complaint: "Defendants are responsible for the defamatory allegation, both slanderous and libelous." (*Id.* 4; *see also* Suppl. 4 (investigative reports "still contain[] fraudulent information, the defamation, libel and slander by these individuals to a child was done with malice and hate."

(alteration added)). These state-law claims do not invoke any violations of the United States Constitution or federal law.

Plaintiff further alleges her damages are as follows: "Physical Damages & Punitive Damage[,] Monetary Damages from each defendant[,] $15,000 each defendant[,] not exceed [sic] 75,000." (Compl. 4 (alterations added)). Plaintiff has failed to allege any claim or claims giving rise to federal question jurisdiction; nor do Plaintiff's allegations meet the requirements of federal diversity jurisdiction. Plaintiff's Complaint is thus subject to dismissal for lack of subject matter jurisdiction.

Plaintiff's Complaint also constitutes an impermissible shotgun pleading. A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings "disregard Federal Rule of Civil Procedure 10(b)'s preference that discrete claims be pled in separate counts when doing so would facilitate the clear presentation of the issues." *Warner v. City of Marathon*, 718 F. App'x 834, 839 (11th Cir. 2017). These types of pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (alteration added; footnote call number omitted).

Here, the Complaint commits the sins of (1) "not separating into a different count each cause of action or claim for relief;" and (2) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323 (footnote call numbers omitted). Specifically, Plaintiff brings (what appear to be) <u>multiple</u> causes of action against Defendants in a single-space, four-page, one-paragraph narrative. (*See generally* Suppl.). Plaintiff must — but

does not — set forth the elements of her claim or claims, specify the Defendant or Defendants against whom each claim is brought, state the facts giving rise to each claim, and identify whether any of her claims are brought pursuant to any specific federal statute or allege a claim (or claims) that arise under federal law.   The Court cannot do Plaintiff's job for her.

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**, and the Clerk is directed to close the case.  The Application to Proceed in District Court Without Prepaying Fees or Costs **[ECF No. 3]** is **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida, this 11th day of June, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    Venit Jean Baptiste, *pro se*